

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSANNAH ARGOTE
LEAMING A/K/A
SUSANNAH A
LEAMING A/K/A
SUSANNAH LEAMING
A/K/A SUSANNAH
ARGOTE & ETHAN
HAROLD LEAMING
A/K/A ETHAN H
LEAMING A/K/A
ETHAN LEAMING

Plaintiff

-vs-

STONEGATE MORTGAGE

Defendant(s)

17-4962

SECT. E MAG. 4

## COMPLAINT

### JURISDICTION

1. This court has jurisdiction as plaintiffs are residents of St.Tammany Parish, have resided at 519 Marilyn Drive, Mandeville, LA 70448 since January 2014 and Defendant(s) are a registered branch office with the Corporate Office being domiciled at 9190 Priority Way,

West Drive, Suite # 300, Indianapolis, IN 46240. Underwriting is conducted at its corporate offices which defines the fact that only applications are taken in Louisiana.

PARTIES

2. The parties to this action are the plaintiffs and the defendant. Defendant, Stonegate Mortgage has not complied with FRCP Rule 7.1. by not disclosing that it has a financial interest in the promissory note. The financial interest is established by claiming in its complaint that it has possession of the note by endorsement from American Nationwide Mortgage Company.

COMPLAINT

3. Plaintiffs file this complaint and sues Stonegate Mortgage for the following:

   A. Violation of RESPA failure to respond to Plaintiff's Qualified Written Request in accordance with statutory guidelines. Plaintiff offers as (Exhibit 1) Response to debt collector, Law Offices of Herschel C. Adcock Jr, 13541 Tiger Bend Road, Baton Rouge, LA 70817. Copy of US Postal Mail Certified Return Receipt attached. (Exhibit 2)

   B. Violation of Federal Law, Title 18 U.S.C. 1005. Defendant has committed fraud in claiming possession of the promissory note with a statement in its petition for foreclosure (Exhibit 3) that the note is either made payable to Stonegate Mortgage or has been duly endorsed. This statement is confusing in that the purported holder of the note does not know whether it owns the note or not. By Defendant's own

admission, there is no assignment recorded in public records thus making a fraudulent transfer as the note already was entered and owned by the trust.

C. Defendant has caused irreparable harm to Plaintiffs and unnecessary expenses as attached collection letter from Cenlar (Exhibit 4) defines the loan as being owned byGovernment National Mortgage (Ginnie Mae). Ginnie Mae was the recipient of loan 0070984315 when the subject loan was securitized and sold into Ginnie Mae Remic Trust 2014-002.

D. Defendant could not have possibly owned subject note as claimed or the question arises: Who really owns the note? Is it the Ginnie Mae Trust or is it Stonegate Mortgage that has not offered any proof of ownership other than a statement from its counsel.

E. Defendant has not produced any proof of assignment from original lender nor any publicly recorded document evidencing transfer of ownership. Under UCC-8, once the note has been entered into the trust, it then is sold in tranches to investors. It is impossible for the Defendant to be an owner of an instrument that was paid for from funds generated by the investors.

F. Defendant by claiming ownership or possession of the promissory note is attempting to collect on an asset that it has no interest in. Defendant by its actions is in conflict with the ownership of the instrument by the Ginnie Mae Remic Trust 2014-002. A

forensic audit was completed (Exhibit 5) through the Bloomberg Terminal.

G.  Defendant through its counsel has misrepresented the chain of title and has cost the taxpayers and the courts a misuse of funds and time.

H.  FERA extends the reach of the statute concerning false statements in mortgage applications to include false statements intended to influence any action by a mortgage lending business. Before the enactment of FERA, the false statements statute only applied to false statements intended to influence the action of federal agencies, banks, and credit associations. This statute also carries a 30-year maximum prison sentence or a maximum $1 million fine, or both.

I.  Defendant or its agent is required to file with the Federal Reserve a FRY-93 form of which is made available to the public under the Freedom of Information Act. It is Plaintiff's belief that if demanded to produce under production of documents, that Defendant would not be able to comply.

DEMAND

4. Plaintiff hereby demands that mortgage and promissory note be rescinded. Right of rescission has been extended. On January 13, 2015, the U.S. Supreme Court decided the case of *Jesinoski v. Countrywide Home Loans, Inc.* Under the U.S. Supreme Court ruling, the right to rescind can be extended and begins when the consumer first discovers the violation. In this case, the Plaintiff was not aware of the fraud committed by

Defendant until after a forensic audit was performed and accompanied with a notarized affidavit.

5. Plaintiff's demand for rescission also includes an order from the court having Defendant pay all attorneys' fees.

Wherefore Plaintiff prays that Stonegate Mortgage Company be denied any relief and take nothing under its claim as mortgagee and that the mortgage in question be cancelled and rendered null and void, cancelled and rescinded, and unenforceable. Additionally, Plaintiff recovers costs incurred in this action, reasonable attorneys' fees, and damages within the jurisdiction of this court.

_____

*[signature]*

Susannah Leaming
519 Marilyn Drive
Mandeville, LA 70448
(985) 290-1020

Certificate of Service

5 1/6/2017

*[signature]*

Ethan Leaming
519 Marilyn Drive
Mandeville, LA 70448
(504) 214-1433